FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

00 JUN -2 PM 1: 17

SIGN _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
## OF LOUISIANA

*David Lapell #258277*

_____

_____

_____

Enter above the full name of the plaintiff or plaintiffs in
this action.

*Civil Action*

**VERSUS**

*Byrd N. Cain; Howard Prince; Robert Schott; Jane Doe or John Doe #1; John Doe #2.*

Enter above the full name of the defendant or defendants
in this action.

*Jury Trial Demanded*

*00-401-D-1*

## COMPLAINT

I.    **PREVIOUS LAWSUITS:**

    a.    Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

                                         Yes ( )           No (✓)

    b.    If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit describe the additional lawsuits on another piece of paper, using the same outline.)

    1.    Parties to this previous lawsuit

Plaintiffs:    _____

_____

Defendants:    _____

_____



3:00-cv-00401 1 - 1

DATE: 06/02/00

DEPUTY CLERK: nml

2. Court (if federal court, name the district; if state court name the parish):

_____

_____

3. Docket number: _____

4. Name of Judge to whom case was assigned: _____

_____

5. Disposition (for example, was the case dismissed? Was it appealed? Is it still pending?):

_____

6. Approximate date of filing lawsuit: _____

7. Approximate date of disposition: _____

II. PLACE OF PRESENT CONFINEMENT: *Louisiana State Penitentiary*

a. Is there a prisoner grievance procedure in this institution?

                                        Yes (✓)          No ( )

b. Did you present the facts relating to your complaint in the prisoner grievance procedure?

                                        Yes (✓)          No ( )

c. If your answer is YES:

1. What steps did you take? *Filed A Request For An Administrative Remedy Procedure At Institutional Level.*

_____

2. What was the result? *Rejected At Institutional Level.*

_____

d. If your answer is NO, explain why not? _____

_____

_____

2

III.  PARTIES:

(In item A below, place your name in the first blank and place your present address in the second blank. □ the same for additional plaintiffs, if any.)

a.   Name of plaintiff: _David Lapell #258277; La, State Priso-_

Address: _Camp "J" -Cuda-1-R-5; Angola, La. 7071=_

(In item B below, place the full name of the defendant in the first blank, his official position in the secon blank, and his place of employment in the third blank.  Use item C for the names, positions, and places ⟨ employment of any additional defendants.)

b.   Defendant _Burl N. Cain_ is employed a _Warden_ at _La. State Prison Angola, La. 70712_

c.   Additional  Defendants: _Howard Pinle; Robert Schott Jane Doe or John Doe #1; John Doe #2 are All Employed at the Louisiana State Peniten Ciary ("Angola"); Angola, Louisiana 70712._

IV.  STATEMENT OF CLAIM:

State here as briefly as possible the FACTS of your case.  Describe how each defendant is involved.  Includ= also the names of other persons involved, dates and places.  DO NOT GIVE ANY LEGAL ARGUMENTS O= CITE ANY CASES OR STATUTES.  If you intend to allege a number of related claims, number and set fort∤ each claim in a seperate paragraph. (Use as much space as you need.  Attach extra sheets if necessary.⟩

_" Please See Attached Page"_

3

United State District Court
For the Middle District
State Of Louisiana


David Lapell #258272                    Civil Action
        Plaintiff

VERSUS                                  No.: _____

Burl N. Cain, Et al.                    _____
        Defendant(s)                    Clerk Of Court


Preliminary Statement

May It Please This Honorable Court:

This Is A Civil Rights Action filed By David Lapell #258272, A State Prisoner For Damages And Injunctive Relief Under 42 U.S.C. Subsection 1983 Alleging Denial Of Due Process Of Law, And Also Alleging A Cruel And Unusual Punishment Claim In Violation Of The Eighth And Fourteenth Constitution Amendment.

(4)

## Jurisdiction

1. This Honorable Court Has Juris-diction Over The Plaintiff, David Lapell #258277 Claims of Violation of Federal Constitutional Rights Under 42 U.S.C. Subsections 1331 (A) And 1343.

2. This Honorable Court Has Supple-mental Jurisdiction Over The Plaintiff, David Lapell #258277 State Law Tort Claims under 28 u.s.c. Subsection 1367.

## Parties

3. The Plaintiff, David Lapell #258277 Was Incarcerated At Louisiana State Peni-tentiary ("Angola") During The Events De scribed In This Complaint.

4. The Defendant, Burl N. Cain Is At All Time Named As The Warden Of The Louisiana State Penitentiary ("Angola") Who Is Responsible For The Operation Of The Institution, And Who Is Also Re-sponsible For All Defendants Named Herein This Complaint Conduct; He Is Being Sued In His Individual And

(5)

OFFICIAL CAPACITIES.

5.    THE Defendant, Howard Pinkle is at all time named as the Assistance Warden of the Louisiana State Penitentiary ("Angola") He is responsible for the operation of Camp "J"; He is being sued in his individual and official capacities.

6.    THE Defendant, Robert Schott is at all time employed at the Louisiana State Penitentiary ("Angola") as the Major of Camp "J"; He is being sued in his individual and official capacities.

7.    THE Defendant, Jane Doe or John Doe #1 is at all time employed at the Louisiana State Penitentiary ("Angola") as the Mental Health Social Worker assigned to Camp "J"; He/s is being sued in his/her individual capacities.

8.    THE Defendant, John Doe #2 is at all time employed at the Louisiana State Penitentiary ("Ango... as the Classification Officer Assist...

(6)

TO Camp "J"; HE IS BEING SUED IN
HIS Individual Capacities.

## Facts

9.    ON Wednesday - December 15,
1999, THE Plaintiff, David Lapell was
Placed on Restraint Restriction (Hands-
Behind THE Back).

10.    THIS Restraint Restriction (Hands
Behind THE Back) was Imposed Upon
THE Plaintiff, David Lapell without
Any Formal Hearing Or without Any
Informal Notice Informing THE Plain-
tiff, David Lapell THAT HE could HAVE
Been Subjected To THIS Type OF Punish-
ment IF HE Had Broken Any Of THE
Disciplinary Rules THAT was Outlined
In THE Inmates Rule Book OR Camp "J"
Management Program (Rule Book) OR THE
Camp "J" Posted Policies.

11.    ON Wednesday - February 16, 2000
THE Plaintiff, David Lapell was Jogging
ON THE Exercise Yard when HE Had
Stumbled, And Fell To THE Ground
Almost Busting His Head on THE Cement
Along THE Side of THE Fence, Due To

(7)

THE FACT THAT THE Plaintiff, David Lapel Could Not BREAK His FALL with His Hands Behind His BACK of His Body.

12.    However, THE Plaintiff, David Lapel Had In Fact Received Injuries from His Fall. "Please See Health Care Request Form Number: 802554, And Number: 651903.

13.    Whenever, THE Plaintiff, David Lape. Is Handcuffed Behind His BACK HE Suffer with Chest, Shoulder, And ARM Pains, And After THE Plaintiff, David Lapell Hands Are Removed From Behind His Back He Is Unable To Feel Anything For About Two (2) Hours, And Most of All Whenever THE Plaintiff David Lapell Is Placed with His Hands Behind His Back During His yard Time He Is Being Bitten By All Kind of Insects, And Is Unable To Knock Them Off of Him Due To THE Fact that THE Plaintiff, David Lapell Hands Are Handcuffed Behind His Back. THE Plaintiff, David Lapell Is Also Unable To Protect Himself From Another Inmate Attack.

(8)

14. Now However, According to the Institutional Posted Policy for the Camp "J" Management Program; Posted Policy J (4) Paragraph Eight (8) on Page 15, States As Followed:

"When the Inmate Wants to Go on the Yard And It Is His Turn To Do So, the Inmate Will Be Cuffed And Shackled In His Cell And Then Escorted By An Officer to the Fenced-In Recreation Yard. The Shackles Will Then Be Removed And the Inmate Placed In The RECREATION YARD. All Camp "J" Cellblock Inmates will wear Handcuffs with Their Hands Handcuffed In Front of Their Bodies During The Entire Time They Are on The EXERCISE Yards. Anytime An Inmate Refuses To Be Handcuffed During His Exercise Period, He Will Forfeit His Yard Privileges For That Day."

15. On Wednesday - February 23, 2000 The Plaintiff, David Lapell Had In Fact Filed A Formal Request For An Administrative Remedy Procedure To Warden Burl N. Cain Alleging

(9)

THAT, I WAS BEING SUBJECTED TO CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE PLAINTIFF, DAVID LAPELL UNITED STATES CONSTITUTIONAL EIGHTH AMENDMENT RIGHT; MAINLY DUE TO UNLAWFUL PROCEDURE AT CAMP "J" EXTENDED LOCKDOWN, AND THAT THE PLAINTIFF, DAVID LAPELL WAS IN FACT DENIED DUE PROCESS OF LAW IN VIOLATION OF THE PLAINTIFF, DAVID LAPELL UNITED STATES CONSTITUTIONAL FOURTEENTH AMENDMENT RIGHT; DUE TO THE FACT THAT THE PLAINTIFF, DAVID LAPELL WAS NEVER MADE AWARE OF THE UNLAWFUL PROCEDURE.

16. FURTHERMORE, DUE TO THE FACT THAT THIS RULE OR UNLAWFUL PROCEDURE WAS NEVER LISTED IN NONE OF THE INSTITUTIONAL RULE BOOKS NOR ANY POSTED POLICIES, AND THAT THE PLAINTIFF, DAVID LAPELL HAD NEVER RECEIVED ANY WRITTEN NOTICE OF SUCH RULE OR UNLAWFUL PROCEDURE; THE PLAINTIFF, DAVID LAPELL WAS NOT GIVEN A FAIR HEARING CONCERNING THIS PROCEDURE.

(10)

## CAUSES OF ACTION

12. THE FAILURE OF DEFENDANT(S), Burl R. Cain, And Howard Price To Take Disciplinary OR Other Action To Curb THE Known PATTERN OF Conduct By DEFENDANT(S), Robert Schott; JANE Doe OR John Doe #1, And John Doe #2 WERE DONE Maliciously And Sadistically And Constituted Deliberate Indifference, And Contributed To And PROXimately Caused THE Above DESCRIbed Violation of Eighth And Fourteenth Amendment Rights.

18. FOR THE DEFENDANT(S), Robert Schott; JANE Doe OR John Doe #1, And John Doe #2 TO ORDER THE Plaintiff, David Lapell TO BE Put In Restraint Behind His BACK Which Caused THE Plaintiff, David Lapell Psycially pain Subjected THE Plaintiff, David Lapell To CRUEl And Unusual Punishment In Violation OF THE Eighth Amendment Constitutional Rights.

19. FOR THE DEFENDANT(S), Robert Schott; JANE Doe OR John Doe #1, And John Doe #2 TO ORDER THE

(11)

Plaintiff, David Lapell To Be Put Into Restraint Behind His Back Without Any Formal Hearing Were Done Maliciously And Sadistically And Constituted Denial Of Due Process In Violation Of The Four - teenth Amendment Constitutional Rights.

## Relief

Wherefore, The Plaintiff, David Lapell Prays This Honorable Court To Grant Into Him The Following Relief:

### (I)

The Plaintiff, David Lapell Re - quests That A Mandatory Injunction Pursuant To Rule 65, Fed. R. Civ. P., Be Hereby Issued Ordering The De - fendant(s), Burl N. Cain, And Howard Prince To Perform Their Official Dut - ies As Owed To The Plaintiff, David Lapell Pursuant To Title 28 Subsection 1361 Fed. R. Civ. P.

(12)

(II)

THE Plaintiff, David Lapell Also Seeks A Mandatory Injurction Pursuant To Rule 65, Fed.R.Civ.P., An Order Modifying And Eliminating All Five (5) Defendant(s), Burl N. Cain; Howard Prince; Robert Schott, Jane Doe or John Doe #1; John Doe #2 From Violating The Plaintiff, David Lapell United States Constitutional Rights.

(III)

THE Plaintiff, David Lapell Request That He Be Hereby Award Compensatory Damage In The Following Amount of #25,000.00 Dollars; That Will Be For THE Physical; Psychological; Emotional Distress, And Mental Anguish Pains THAT THE Plaintiff, David Lapell Suffer.

(IV)

THE Plaintiff, David Lapell Request That He Be Hereby Award Punitive Damage In THE Following Amount Of #15,000.00 Dollars; This Will Be To Help Ensure THAT In THE Near Future All Five (5) Defendant(s), Burl N. Cain;

(13)

Howard Pirle; Robert Schott; Jane Doe or John Doe #1; And John Doe #2 Does not violate the Plaintiff, David Lapell United States Constitutional Rights.

(V)

The Plaintiff, David Lapell Requests that this Honorable Court Assume Original Jurisdiction of this Action.

(VI)

The Plaintiff, David Lapell Requests that this Honorable Court Enter An Order Allowing the Plaintiff, David Lapell to File And Prosecute this Action In Forma Pauperis Or Limited Forma Pauperis Pursuant to the Provisions of 28 U.S.C. Subsections 1915, Et seq.

(VII)

The Plaintiff, David Lapell Requests that He Be Hereby Granted Such Other Relief's As It May Appear that the Plaintiff, David Lapell Is Entitled Too.

(14)

Signed This 1 Day of June, 2000

David Lapey #258277

DAVID LAPELL #258277

I Declare Under Penalty of Perjury That The Foregoing Is True And Correct.

Executed On: 6-1-00

David Lapell #258277

DAVID LAPELL #258277
La. State Penitentiary
Camp "J" - Luda-1-R-5
Angola, Louisiana 70712

C.C. Filed:

(15)